Original - Court   1st copy - Defendant   2nd copy - Plaintiff   3rd copy - [Return]

| STATE OF MICHIGAN JUDICIAL DISTRICT 10th JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | CASE NO. 11-014783-CZ-1 JUDGE FRED L. BORCHARD P11003 |

Court Address 111 S. Michigan Ave., Saginaw, MI 48602      Court telephone no. (989) 790-5251

**Plaintiff name(s), address(es) and telephone no(s).**

CATHIE KEMPTER

V

**Defendant name(s), address(es) and telephone no(s).**

MICHIGAN BELL TELEPHONE COMPANY AND/OR AT & T MICHIGAN, a Michigan corporation, TRACY BAIN, RICK SPEICE and/or RICK SPIECE, and RENEE GARCIA, Individually,

**Plaintiff attorney, bar no., address, and telephone no.**

TOM R. PABST (P27872)
2503 S. Linden Road
Flint, MI 48532
(810) 732-6792

TO: AT & T MICHIGAN
c/o The Corporation Company
30600 Telegraph Rd., Ste. 2345
Bingham Farms, MI 48025

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires: | Court clerk |
|---|---|---|
| DEC 0 8 2011 | MAR 0 9 2012 | [signature] |

*This summons is invalid unless served on or before its expiration date.

X There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.
_ A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has been previously filed in _____.
_ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
_ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
|  |  |  |

The civil/domestic relations action _ remains _ is no longer pending.

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Saginaw County | Saginaw County |

Place where action arose or business conducted
Saginaw County

I declare that the complaint information above and attached is true to the best of my information, knowledge and belief.

Date: 12-8-11       [signature] TOM R. PABST    (P27872)

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

MC 01 (11/97) SUMMONS AND COMPLAINT        MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

Original - Court    1st copy - Defendant    2nd copy - Plaintiff    3rd copy -

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>10th JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | CASE NO. 11-014783 -CZ-1<br>JUDGE<br>FRED L. BORCHARD P11688 |
|---|---|---|

Court Address   111 S. Michigan Ave., Saginaw, MI 48602                                              Court telephone no. (989) 790-5251

| Plaintiff name(s), address(es) and telephone no(s).<br><br>CATHIE KEMPTER | V | Defendant name(s), address(es), and telephone no(s).<br><br>MICHIGAN BELL TELEPHONE COMPANY AND/OR AT & T MICHIGAN, a Michigan corporation, TRACY BAIN, RICK SPEICE and/or RICK SPIECE, and RENEE GARCIA, Individually, |
|---|---|---|
| Plaintiff attorney, bar no., address, and telephone no.<br><br>TOM R. PABST (P27872)<br>2503 S. Linden Road<br>Flint, MI 48532<br>(810) 732-6792 | | TO: TRACY BAIN<br>4075 Bay Rd.<br>Saginaw, MI 48603 |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>DEC 0 8 2011 | This summons expires:<br>MAR 0 9 2012 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

X There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.
_ A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has been previously filed in _____.
_ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
_ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | | Bar no. |
|---|---|---|---|
| | | | |

The civil/domestic relations action _ remains    _ is no longer    pending.

| **VENUE** ||
|---|---|
| Plaintiff(s) residence (include city, township, or village)<br>Saginaw County | Defendant(s) residence (include city, township, or village)<br>Saginaw County |
| Place where action arose or business conducted<br>Saginaw County ||

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date: 12-8-11                                          TOM R. PABST                      (P27872)

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.
MC 01 (11/97) SUMMONS AND COMPLAINT                                     MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| Original - Court | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy - ___ | | |
|---|---|---|---|---|---|
| STATE OF MICHIGAN JUDICIAL DISTRICT 10th JUDICIAL CIRCUIT | | SUMMONS AND COMPLAINT | | CASE NO. 11-014783-CZ-1 JUDGE FRED L. BORCHARD P11003 | |

Court Address  111 S. Michigan Ave., Saginaw, MI 48602                                Court telephone no. (989) 790-5251

**Plaintiff name(s), address(es) and telephone no(s).**
CATHIE KEMPTER

V

**Defendant name(s), address(es), and telephone no(s).**
MICHIGAN BELL TELEPHONE COMPANY AND/OR AT & T MICHIGAN, a Michigan corporation, TRACY BAIN, RICK SPEICE and/or RICK SPIECE, and RENEE GARCIA, Individually,

**Plaintiff attorney, bar no., address, and telephone no.**
TOM R. PABST (P27872)
2503 S. Linden Road
Flint, MI 48532
(810) 732-6792

TO: RENEE GARCIA
4075 Bay Rd.
Saginaw, MI 48603

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires. | Court clerk |
|---|---|---|
| DEC 0 8 2011 | MAR 0 9 2012 | [signature] |

*This summons is invalid unless served on or before its expiration date.

_X_ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.
__ A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has been previously filed in _____.
__ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
__ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | | Bar no. |
|---|---|---|---|
| | | | |

The civil/domestic relations action __ remains   __ is no longer   pending.

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Saginaw County | Saginaw County |

Place where action arose or business conducted
Saginaw County

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date: 12-8-11

_____ (P27872)
TOM R. PABST

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements
MC 01 (11/97) SUMMONS AND COMPLAINT                                MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

EXHIBIT A

| STATE OF MICHIGAN | Original - Court  1st copy - Defendant  2nd copy - Plaintiff  3rd copy - Return | | |
|---|---|---|---|
| JUDICIAL DISTRICT<br>10th JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | CASE NO. 11-014783-CZ-1 | |
| Court Address 111 S. Michigan Ave., Saginaw, MI 48602 | | JUDGE FRED L. BORCHARD P11003 | |

Court telephone no. (989) 790-5251

**Plaintiff name(s), address(es) and telephone no(s).**

CATHIE KEMPTER

V

**Defendant name(s), address(es), and telephone no(s).**

MICHIGAN BELL TELEPHONE COMPANY AND/OR AT & T MICHIGAN, a Michigan corporation, TRACY BAIN, RICK SPEICE and/or RICK SPIECE, and RENEE GARCIA, Individually,

**Plaintiff attorney, bar no., address, and telephone no**

TOM R. PABST (P27872)
2503 S. Linden Road
Flint, MI 48532
(810) 732-6792

TO: RICK SPEICE and/or RICK SPIECE
4075 Bay Rd.
Saginaw, MI 48603

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires: | Court clerk |
|---|---|---|
| DEC 0 8 2011 | MAR 0 9 2012 | [signature] |

*This summons is invalid unless served on or before its expiration date.

X There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.
__ A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has been previously filed in _____.
__ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
__ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | | Bar no. |
|---|---|---|---|

The civil/domestic relations action __ remains __ is no longer pending.

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Saginaw County | Saginaw County |
| Place where action arose or business conducted | |
| Saginaw County | |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date: 12-8-11

TOM R. PABST _____ (P27872)

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

MC 01 (11/97) SUMMONS AND COMPLAINT

MCR 2.102(B)(1), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| PROOF OF SERVICE |  | SE NO: 11- CZ |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| _ OFFICER CERTIFICATE | _ AFFIDAVIT OF PROCESS SERVER |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |

OR

_ I served personally a copy of the summons and complaint,
_ I served by registered or certified mail (copy of return receipt attached)     a copy of the summons and complaint,
together with P's Initial Ints to AT&T; D's Expert Opinion Witness Ints _____ on the defendant(s):
                     Attachment

| Name(s) | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

_ After diligent search and inquiry, I have been unable to find and serve the following defendant(s): _____

I have made the following efforts in attempting to serve process: _____

_ I have personally attempted to serve the summons and complaint, together with _____ on _____ at _____ and have been unable to complete service because the address was incorrect at the time of filing.
   Attachment                                     Name

| Service fee | Miles Traveled | Mileage fee | Total fee | |
|---|---|---|---|---|
| $ | | $ | $ | Signature _____ |
| | | | | Title _____ |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                    Date
My commission expires: _____  Signature: _____
Date                                Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint and required fees, if any, together with:

_____ on _____
Attachment              Day, date, time

_____ on behalf of _____
Signature

MCR 2.105

 **CT Corporation**

**Service of Process Transmittal**
01/09/2012
CT Log Number 519766881

**TO:** George Ashford, Gen. Attorney & Assoc. Gen. Counsel
Ameritech Corporation
225 W. Randolph Street
Chicago, IL 60606-

**RE:** **Process Served in Michigan**

**FOR:** AT&T Michigan (Assumed Name) (Domestic State: MI)
MICHIGAN BELL TELEPHONE COMPANY (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Cathie Kempter, Pltf. vs. Michigan Bell Telephone Company, et al. including AT&T Michigan, etc., Dfts.

**DOCUMENT(S) SERVED:** Summons, Proof of Service, Complaint and Jury Demand, Exhibit(s), Initial Interrogatories and Request(s) for Production

**COURT/AGENCY:** 10th Circuit Court, Saginaw County, MI
Case # 11014783CZ1

**NATURE OF ACTION:** Employee Litigation - Discrimination - Harassment - On the basis of disability and gender

**ON WHOM PROCESS WAS SERVED:** The Corporation Company, Bingham Farms, MI

**DATE AND HOUR OF SERVICE:** By Process Server on 01/09/2012 at 15:31

**JURISDICTION SERVED:** Michigan

**APPEARANCE OR ANSWER DUE:** Within 21 days - File Answer // Within 42 days - Answers to Interrogatories/Production of Documents

**ATTORNEY(S) / SENDER(S):** Tom R. Pabst
2503 S. Linden Rd., Ste. 185
Flint, MI 48532
810-732-6792

**ACTION ITEMS:** CT will retain the current log
Image SOP
Email Notification, Margaret Lunsford ml5242@att.com
Email Notification, Edith Rice er3471@att.com

**SIGNED:** The Corporation Company
**PER:** Stephanie Hendrickson
**ADDRESS:** 30600 Telegraph Road
Suite 2345
Bingham Farms, MI 48025-5720
**TELEPHONE:** 248-646-9033

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

CATHIE KEMPTER,

    Plaintiff,

CASE NO: 11- 014783-CZ -1

HON.    FRED L. BORCHARD P11003

MICHIGAN BELL TELEPHONE
COMPANY AND/OR AT & T
MICHIGAN, a Michigan corporation,
TRACY BAIN, RICK SPEICE and/or
RICK SPIECE, and RENEE GARCIA, Individually,

    Defendants.

A TRUE COPY
Susan Kaltenbach, Clerk

| | |
|---|---|
| TOM R. PABST (P27872)<br>Co-Counsel for Plaintiff<br>2503 S. Linden Rd., Ste. 185<br>Flint, MI 48532<br>(810) 732-6792 | JOHN Van BENSCHOTEN (P34467)<br>Co-Counsel for Plaintiff<br>905 N. Michigan Avenue<br>Saginaw, Michigan 48602-4324<br>(989) 860-3178 |

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I do not know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT
## AND
## JURY DEMAND

    NOW COMES Cathie Kempter, Plaintiff, by and through her attorneys, John Van Benschoten and Tom R. Pabst, and shows onto this Honorable Court as follows:

## COMMON ALLEGATIONS

(1) That at all times pertinent hereto, the employer of Cathie Kempter, Plaintiff, was either Michigan Bell Telephone Company and/or AT & T Michigan, a Michigan corporation doing business with offices located in Saginaw County, Michigan (hereinafter Defendant Corporation).

(2) That at all times pertinent hereto, Defendant Tracy Bain was/is a resident of Saginaw County, and an employee of Defendant Corporation herein and a supervisor/boss over Cathie Kempter, Plaintiff.

(3) That at all times pertinent hereto, Defendant Rick Speice and/or Rick Spiece, upon information and belief was/is a resident of Bay County, and an employee of Defendant Corporation herein and a supervisor/boss over Cathie Kempter, Plaintiff.

(4) That at all times pertinent hereto, Defendant Renee Garcia, upon information and belief was/is a resident of Saginaw County, and an employee of Defendant Corporation herein and a supervisor/boss over Cathie Kempter, Plaintiff.

(5) That at all times pertinent hereto, Cathie Kempter, Plaintiff, was/is a resident of Saginaw County, and an employee with Defendant Corporation, with individual Defendants herein as her supervisors/bosses.

(6) That the unlawful discriminatory acts by Defendants herein occurred in Saginaw County, Michigan, making this Court a court of proper venue. See, for example, MCLA 37.1601 and MCLA 37.2801.

(7) That the monetary damages caused by Defendants' unlawful conduct far exceed One Hundred Thousand ($100,000.00) Dollars.

## COUNT I
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (ALL DEFENDANTS)

(8) That we repeat paragraphs 1-7.

(9) That Michigan has a civil rights act which protects people with "disabilities" as defined in the Persons with Disabilities Civil Rights Act (hereinafter "PWDCRA"), being MCLA 37.1101, *et. seq.*, such as Cathie Kempter, Plaintiff, from being discriminated against, harassed and/or retaliated against because of the disabilities defined in the aforesaid Act; and said law also prevents individuals and/or agents of employers, such as Defendants herein, from aiding and abetting one another, assisting and/or helping one another in accomplishing the unlawful conduct proscribed by said law.

(10) That Defendants herein violated the aforesaid PWDCRA, which violations included, <u>but not by way of limitation</u>, the following acts and/or omissions:

    (a) "Harassing" of Cathie Kempter, Plaintiff;

    (b) "Perceiving" and/or "regarding" Cathie Kempter, Plaintiff, as "disabled", and based on Defendants' wrongful perception, denying her work and/or employment opportunities;

    (c) Failing to "accommodate" Cathie Kempter, Plaintiff, if she was in fact disabled as Defendants claimed; and

    (d) Relying on her "history" to discriminate against her

all of which violated Cathie Kempter's rights under MCLA 37.1101, *et. seq.*

(11) That specifically, <u>but not by way of limitation</u>, Defendants herein--

    (a) Refused to honor doctor-imposed limitations/restrictions for Cathie Kempter, Plaintiff;

    (b) Deliberately forced Cathie Kempter, Plaintiff, to work beyond the doctor-imposed restrictions as to time and mechanical limitations;

    (c) Refused to "accommodate" Cathie Kempter, Plaintiff;

    (d) Refused to place Cathie Kempter, Plaintiff, into available jobs she was capable of doing

all of which violated Cathie Kempter's rights under MCLA 37.1101, *et. seq.*

(12) That Defendants herein acted in concert with one another, aided and abetted one another, and in fact conspired with one another, in violation of Cathie Kempter's rights as set forth in MCLA 37.1101, *et. seq.*, in particular, MCLA 37.1601.

(13) That Defendants herein in fact fired Cathie Kempter, Plaintiff, in violation of MCLA 37.1101, *et. seq.*

(14) That as a direct and proximate result thereof, Cathie Kempter, Plaintiff, suffered the following injuries and damages, amongst others--

    (a) loss of her job;

    (b) lost wages, past and future;

    (c)    loss of earning capacity;

    (d)    emotional distress and mental anguish, past and future;

    (e)    injury to her feelings, including extreme embarrassment and humiliation, past and future;

    (f)    damage to her reputation, past and future;

    (g)    outrage;

    (h)    incurrence of actual attorney's fees and costs for having to enforce her legal rights and vindicate herself for the wrongful misconduct of Defendants herein; and

    (i)    other injuries and damages, the exact nature and extent of which are not now known.

(15)    That the monetary damages caused by Defendants' unlawful conduct far exceed One Hundred Thousand ($100,000.00) Dollars.

## COUNT II
## VIOLATION OF ELCRA (ALL DEFENDANTS)

(16)    That we repeat paragraphs 1-15.

(17)    That we have a law in Michigan known as the Elliott Larson Civil Rights Act ("ELCRA") being MCLA 37.2101, *et. seq.*, which specifically prohibits gender being used in the workplace for decisions effecting the terms and conditions of employment of employees.

(18)    That Defendants herein violated the aforesaid law, and Cathie Kempter's rights under said law.

(19)    That specifically, but not by way of limitation, Defendants herein hired a man and gave him a job Cathie Kempter could do, in violation of Defendants' own standard operating procedure regarding seniority, and contrary to entitlement to jobs under Michigan law as set forth in, for example, MCLA 37.1101, *et. seq.*

(20)    That as a direct and proximate result thereof, Cathie Kempter, Plaintiff, suffered the following injuries and damages:

    (a)    loss of her job;

    (b)    lost wages, past and future;

    (c)    loss of earning capacity;

(d) emotional distress and mental anguish, past and future;

(e) injury to her feelings, including extreme embarrassment and humiliation, past and future;

(f) damage to her reputation, past and future;

(g) outrage;

(h) incurrence of actual attorney's fees and costs for having to enforce her legal rights and vindicate herself for the wrongful misconduct of Defendants herein; and

(i) other injuries and damages, the exact nature and extent of which are not now known.

(21) That Defendants herein acted in concert with one another, aided and abetted one another, and in fact conspired with one another, in violation of Cathie Kempter's rights as set forth in MCLA 37.1101, *et. seq.*, in particular, MCLA 37.1601.

(22) That the monetary damages caused by Defendants' unlawful conduct far exceed One Hundred Thousand ($100,000.00) Dollars.

## COUNT III
## ADA & ADAAA VIOLATIONS (DEFENDANT CORPORATION ONLY)

(23) That we repeat paragraphs 1-22.

(24) That Cathie Kempter, Plaintiff, has civil rights under the Federal ADA, being 42 USC §12101, *et. seq.* as amended by the ADA Amendments Act of 2008, and as bolstered by 42 USC §2000e, *et. seq.*, and the Civil Rights Act of 1991, being 42 USC §1981a and 42 USC §1988.

(25) That Defendant Corporation violated the aforesaid law, which violations included, but not by way of limitation, the following acts and/or omissions:

(a) "Harassing" of Cathie Kempter, Plaintiff;

(b) "Perceiving" and/or "regarding" Cathie Kempter, Plaintiff, as "disabled", and based on Defendants' wrongful perception, denying her work and/or employment opportunities;

(c) Failing to "accommodate" Cathie Kempter, Plaintiff, if she was in fact disabled as Defendants claimed; and

5

 (d) Relying on her "history" to discriminate against her

all of which violated Cathie Kempter's rights under 42 USC §12101, *et. seq.*

(26) That specifically, <u>but not by way of limitation</u>, Defendants herein--

 (a) Refused to honor doctor-imposed limitations/restrictions for Cathie Kempter, Plaintiff;

 (b) Deliberately forced Cathie Kempter, Plaintiff, to work beyond the doctor-imposed restrictions as to time and mechanical limitations;

 (c) Refused to "accommodate" Cathie Kempter, Plaintiff;

 (d) Refused to place Cathie Kempter, Plaintiff, into available jobs she was capable of doing

all of which violated Cathie Kempter's rights under 42 USC §12101, *et. seq.*

(27) That Defendant Corporations herein in fact fired Cathie Kempter, Plaintiff, in violation of 42 USC §12101, *et. seq.*

(28) That as a direct and proximate result thereof, Cathie Kempter, Plaintiff, suffered the following injuries and damages, amongst others--

 (a) loss of her job;

 (b) lost wages, past and future;

 (c) loss of earning capacity;

 (d) emotional distress and mental anguish, past and future;

 (e) injury to her feelings, including extreme embarrassment and humiliation, past and future;

 (f) damage to her reputation, past and future;

 (g) outrage;

 (h) incurrence of actual attorney's fees and costs for having to enforce her legal rights and vindicate herself for the wrongful misconduct of Defendants herein; and

(i) other injuries and damages, the exact nature and extent of which are not now known.

(29) That the Right-to-Sue letter issued to Cathie Kempter, Plaintiff, is attached hereto as Ex. 1 and by this reference incorporated herein.

(30) That the monetary damages caused by Defendants' unlawful conduct far exceed One Hundred Thousand ($100,000.00) Dollars.

WHEREFORE, Cathie Kempter, Plaintiff, prays for judgment against Defendants herein as follows:

(a) For compensatory damages in whatever amount in excess of One Hundred Thousand ($100,000.00) Dollars the trier of fact finds to be fair and just, in accordance with the law and evidence;

(b) For punitive damages against Defendants herein in an amount proved at trial; and

(c) For the cost of this action, including specifically, but not by way of limitation, actual attorney fees allowed by law, in accordance with the established law under MCLA 37.2101 et seq., MCLA 37.1101, et. seq. and 42 USC §1988.

12-8-11
DATE

TOM R. PABST (P27872)
Representing Plaintiff

12-8-11
DATE

JOHN Van BENSCHOTEN (P34467)
Representing Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

12-8-11
DATE

TOM R. PABST (P27872)
Representing Plaintiff

12-8-11
DATE

JOHN Van BENSCHOTEN (P34467)
Representing Plaintiff

11/02/2011  03:11    3037331220                    OFFICE NO. 1 - LA

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Cathie A. Kempter
1219 Lathrup Avenue
Saginaw, MI 48603

From: Detroit Field Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2010-03668 | Stephen A. Van Kerckhove, Investigator | (313) 226-2025 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

10/4/11

Webster N. Smith,
District Director

(Date Mailed)

cc:  AT&T
Marybeth Dunne
Sr. EEO Consultant
225 W. Randolph, 18D150
Chicago, IL 60606

EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Detroit Field Office

477 Michigan Avenue, Room 865
Detroit, MI 48226
Detroit Status Line: (866) 408-8075
Detroit Direct Dial: (313) 226-7288
TTY (313) 226-7288
FAX (313) 226-2778

Cathie Kempter
1219 Lathrup Ave.
Saginaw, MI 48603

    Re:    *Cathie Kempter v. AT&T*
           *Charge Number: 471-2010-03668*

Dear Mrs. Kempter:

    This letter is being sent as a follow-up to our past conversations regarding this case and to provide you with an overview of the information and evidence compiled during the investigation of the above-referenced charge of discrimination. **Based upon the information listed below, the EEOC has determined that the processing/investigation of this matter will be discontinued.** This decision was made due to the fact that the information obtained during the investigation does not support a conclusion that the statute complained of has been violated.

    On or about September 16, 2010, you filed a charge of discrimination in which you alleged that you were discriminated against on the basis of your disability. At the time of filing, you were apprized of the fact that the EEOC reserves the right and has the authority to discontinue processing of and terminate the investigation of your charge at any time. You now have the right to pursue this matter in court on your own behalf.

    Further, a review of your case file has revealed the following:

    1.    As we previously spoke about, the information presented fails to indicate that you were discriminated against on the basis you allege in your charge. Based on the evidence presented it does not appear that you were suspended or discharged because of your disability. The evidence gathered tends to show that you were discharged due to accumulated short-term disability absences.

    2    The Respondent has provided a legitimate, nondiscriminatory reason for the actions it took.

It should be noted that the Dismissal and Notice of Rights which you receive relating to your charge will allow you to proceed with your allegations in federal court, if you so desire. **UPON RECEIPT OF THE DISMISSAL AND NOTICE OF RIGHTS, IT IS IMPERATIVE THAT YOU FILE SUIT IN THE UNITED STATES DISTRICT COURT WITHIN NINETY (90) DAYS OF RECEIPT. FAILURE TO DO SO WILL RESULT IN YOUR LOSS OF RIGHT TO PROCEED IN COURT.** An information sheet outlining your rights and filing procedures will accompany the Dismissal and Notice of Rights. Further, the EEOC

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

will provide you, upon request, with a list of attorneys who practice in the field of employment discrimination. Please note that the EEOC does not recommend the attorneys nor make any representation regarding their abilities.

Sincerely,

Stephen Van Kerckhove
Enforcement Investigator
Detroit Field Office
(313) 226-2025
stephen.vankerckhove@eeoc.gov

THIS NOTIFICATION IS ISSUED UNDER THE
AUTHORITY OF ACTS 220 & 453, PA OF 1976 AS
AMENDED

**STATE OF MICHIGAN**

**DEPARTMENT OF CIVIL RIGHTS**

CADILLAC PLACE, SUITE 3-600
3054 WEST GRAND BOULEVARD
DETROIT, MI, 48202

## NOTICE OF DISPOSITION AND ORDER OF DISMISSAL

| EEOC #: 471-2010-03666C | MDCR #: 418804 |
|---|---|
| Claimant:<br>Cathie A. Kempter<br>1219 Lathrup Avenue<br>Saginaw, MI 48603 | Respondent:<br>AT & T<br>225 West Randolph Street<br>Floor 18A<br>Chicago, IL 60606 |

**REASON FOR DISMISSAL:**

This complaint, jointly filed with the United States Equal Employment Opportunity Commission (EEOC) and the Michigan Department of Civil Rights, alleges the respondent discriminated against the claimant in violation of the Elliott-Larsen Civil Rights Act and/or the Persons with Disabilities Civil Rights Act.

The EEOC assumed jurisdiction to investigate this jointly filed complaint and has closed its case. The MDCR has accepted the finding of the EEOC.

It is therefore ordered that this complaint be dismissed.

| Date Dismissed: October 26, 2011 | Date Mailed: October 28, 2011 |
|---|---|
| /s/ Lori Vinson/ Director, Civil Rights Operations ||

### RULES OF CIVIL RIGHTS COMMISSION AND DEPARTMENT RELATING TO RECONSIDERATION AND APPEAL

**Rule 7.(1)** A claimant may request of the department a reconsideration of its refusal to issue a charge. The request shall be in writing, state specifically, the grounds upon which it is based, and be filed within 30 days after the date of mailing of the notice of disposition of which reconsideration is requested. It shall be filed at any office of the department by personal delivery or by mail.

(2) The department may authorize a hearing on the request for reconsideration at such time and place, and before such hearing commissioner or commissioners or hearing referee or referees as it or the director may determine, and notice thereof shall be given to all parties to the proceedings.

**Rule 19.** Any party claiming to be aggrieved by a final order of the commission or the department, including without limitation a refusal to issue a charge, may appeal to the circuit court of the State of Michigan having jurisdiction provided by law within 30 days of the date of service of an appealable order.

CR462-OO (Rev 10-04)

Page 1 of 1